Connecticut Local Form Chapter 13 Plan                                                                01/04/2019

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

**Fill in this information to identify your case:**

Debtor 1*  First Name: John   Middle Name: W.   Last Name: Ambrose

Social Security Number: XXX - XX - 1639
(Enter only last 4 digits)

CHAPTER 13 PLAN

Debtor 2*
Spouse, if filing
   First Name: [blank]   Middle Name: [blank]   Last Name: [blank]

Social Security Number: XXX - XX - ☐☐☐☐
(Enter only last 4 digits)

Case number (If known): 18-22004

*For purposes of this Chapter 13 Plan, "Debtor" means "Debtors" where applicable.

■ 2nd   Amended Plan (Indicate 1st, 2nd, etc.)   ECF No. of prior plan: 15

Amended Plan: Only complete this section if this is an amended plan before confirmation.
Sections of the Plan that have been amended (list):

| Plan Section(s) | Amendment(s) (Describe) |
|---|---|
| 2.1 | Increased the Plan payment from $1,423.25 to $1,608.44 |
| 2.4 | Removed the additional payment |
| 2.5 | Increased the total being paid under the Plan. |

If your plan amendment affects all creditors of a certain class (secured, priority or unsecured non-priority) check each class of creditors affected. If the changes above affect only individual creditors, list each below.

All Creditors (check all that apply):
☐ secured
☐ priority
☐ unsecured, non-priority

☐ The amendment affects individual creditors. List each below.

## I.  NOTICES

To Debtors:   Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors by the Debtor and a certificate of service shall be filed with the Clerk.

"Collateral" as used in this Chapter 13 Plan means the property securing a claim.

If the Debtor intends to determine the secured status of a claim pursuant to 11 U.S.C. § 506, or if the Debtor intends to avoid the fixing of a lien that impairs the Debtor's exemption pursuant to 11 U.S.C. § 522(f), then the Debtor must do two things: (1) indicate the Debtor's intention in this Chapter 13 Plan in the space below; and (2) file a separate motion pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f) following the Contested Matter Procedure or local rules adopted after December 1, 2017. If a separate motion is not filed then the Debtor will not be entitled to relief pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f).

The Debtor must check the appropriate box (Included or Not Included) in the chart below. If an item is checked as "Not Included," or if both boxes are checked, the provision will be ineffective if later set out in this Chapter 13 Plan.

| | | |
|---|---|---|
| The valuation of a secured claim pursuant to 11 U.S.C. § 506, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f), set out in Section 3.3. | ☐ Included | ☒ Not Included |
| Assumption or rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, set out in Section VI. | ☐ Included | ☒ Not Included |

To Creditors: Your rights may be affected by this Chapter 13 Plan. **You must file a timely proof of claim in order to be paid.** *See* Fed.R.Bankr.P. 3002. Your claim may be modified or eliminated. You should read this Chapter 13 Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the Chapter 13 Plan's treatment of your claim or any provision of this Chapter 13 Plan, you or your attorney must file an objection to confirmation **no later than 7 days before the date set for confirmation of the Chapter 13 Plan**, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Chapter 13 Plan without further notice if no objection to confirmation is filed. *See* Fed.R.Bankr.P. 3015.

This Chapter 13 Plan does not allow claims. The fact that your claim is classified in this Chapter 13 Plan does not mean that you will receive payment.

To All Parties: The Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII. The Debtor must check one box in the chart below indicating whether any non-standard provision is Included or Not Included in Section VII of this Chapter 13 Plan.

| | | |
|---|---|---|
| Non-standard provisions, set out in Section VII. | ☒ Included | ☐ Not Included |

## II. PLAN PAYMENTS AND LENGTH OF PLAN

The Debtor shall submit all or such portion of future earnings or other future income of the Debtor to the supervision and control of the Chapter 13 Standing Trustee as is necessary for the execution of this Chapter 13 Plan as required by 11 U.S.C. § 1322(a)(1). Payments by the Debtor will be made as set forth in this Section II.

**2.1 Payments to Chapter 13 Standing Trustee.**

The Debtor will make payments to the Chapter 13 Standing Trustee as follows:

$ 1,608.44 per a month for 60 months.

If fewer than 60 months of payments are specified, additional monthly payments may be made to the extent necessary to make the payments to creditors specified in this Chapter 13 Plan.

**2.2 Source of Payments to the Chapter 13 Standing Trustee.**

*Check all that apply.*

☒ The Debtor will make payments pursuant to a payroll deduction order.

Fill in employer information for payroll deduction:

Employer Name: Connecticut Children's Medical Center

Employer Address: 282 Washington Street

Hartford, CT  06106

Employee Identification No: xxx-xx-1639

(Note: Redact SSN so only last 4 digits appear)

☐ The Debtor will make payments directly to the Chapter 13 Standing Trustee at the following address (include case number on payment):
  Roberta Napolitano, Chapter 13 Standing Trustee
  PO Box 610
  Memphis, TN 38101-0610

**2.3 Income Tax Refunds.**

*Check one.*

☒ The Debtor will retain any income tax refunds received during the plan term. Note the Chapter 13 Standing Trustee may reduce the Debtor's deduction for payment of taxes in calculating disposable income if this option is selected.

☐ The Debtor will supply the Chapter 13 Standing Trustee with a copy of each income tax return filed during the plan term within 14 days after filing the return and will turn over to the Chapter 13 Standing Trustee all income tax refunds received during the Chapter 13 Plan term.

☐ The Debtor will treat income tax refunds as follows:

**2.4 Additional Payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

**2.5 Estimated Total Payments.**

The estimated total payments to be made by the Debtor under this Chapter 13 Plan to the Chapter 13 Standing Trustee is:

$ 96,506.40

**2.6 Order of Payments to Creditors by the Chapter 13 Standing Trustee**

Payments by the Chapter 13 Standing Trustee to classes of claims shall be made in the following order:

> Administrative Expenses priority claims; allowed secured claims, as classified, Priority Claims per Section 507(a)-(d), thereafter holders of allowed Unsecured Claims including Section 1305 claims.

The Chapter 13 Standing Trustee shall make payments from the funds received from the Debtor pursuant to this Chapter 13 Plan until satisfaction of all costs of administration, all claims entitled to priority under 11 U.S.C. § 507, the present value of all allowed secured claims, and payments to unsecured creditors as provided in this Chapter 13 Plan.

## III. TREATMENT OF SECURED CLAIMS

### 3.1 Secured Claims That Will Not Be Modified.

Secured claims that will not be subject to a valuation motion pursuant to 11 U.S.C. § 506, or to avoidance pursuant to 11 U.S.C. § 522(f), shall be described in this section. Check all that apply.

☐ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

☒ There are secured claims treated in this Chapter 13 Plan that are not going to be modified.

☒ Arrears payments (Cure) will be disbursed by the Chapter 13 Standing Trustee and regular payments (Maintain) will be disbursed by the Debtor, as specified below.

---

1. Creditor: Town of Colchester Tax Collector, Real Estate Taxes for Assessment List of October 1, 2018 due and payable January 1, 2019 shall be paid by the first mortgage lender in accordance with the current mortgage loan escrow arrangement and for every year thereafter for the term of the plan along with all future annual premiums for Homeowner Hazard Insurance coverage.

Last 4 Digits of Account No.: 0 1 4 4

Check one of the following:
☐ Arrearage on Petition Date: $0.00
☐ Balance on Arrearage Date: $0.00
Interest Rate on Balance: 0.00%
Regular Payment (Maintain) by Debtor:* $0.00 /month

☒ Real Property
  ☒ Principal Residence
  ☐ Other (describe)
  Address of Collateral:
  55 Balaban Road
  Colchester, CT 06415

Check below regarding real property taxes and insurance:
☒ Mortgage payments include escrow for:
  ☒ Real estate taxes
  ☒ Homeowners Insurance
☐ Debtor pays directly for:
  ☐ Real estate taxes
  ☐ Homeowners Insurance

☐ Personal Property/Vehicle
  Description of Collateral (include first digit and last four digits of VIN# for any vehicle):   ☐ - ☐☐☐☐

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

**2. Creditor:** MTGLQ Investors, L.P. - First Mortgage: Mortgage payment/escrow arrearages, per Proof of Claim #2, dated February 13, 2019. By making said payments to the Trustee, the Debtor shall cure the default, decelerate the mortgage debt, and reinstate the mortgage loan on the original terms of the mortgage note.

Last 4 Digits of Account No.: 4 4 4 9

Check one of the following:
- ■ Arrearage on Petition Date: $85,336.00
- Interest Rate on Balance: 0.00%
- Regular Payment (Maintain) by Debtor:* $2,016.42 /month

■ Real Property
- ■ Principal Residence
- ☐ Other (describe)

Address of Collateral:
55 Balaban Road
Colchester, CT 06415

Check below regarding real property taxes and insurance:
- ■ Mortgage payments include escrow for:
  - ☐ Real estate taxes
  - ■ Homeowners Insurance
- ☐ Debtor pays directly for:
  - ☐ Real estate taxes
  - ☐ Homeowners Insurance

☐ Personal Property/Vehicle
Description of Collateral (include first digit and last four digits of VIN# for any vehicle): ☐ - ☐☐☐☐

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

**3. Creditor:** Bridgecrest Acceptance Corp. LLC - Automobile loan to be paid outside of the Plan, per Proof of Claim #3, dated February 15, 2019.

Last 4 Digits of Account No.: 3 9 0 1

Check one of the following:
- ☐ Arrearage on Petition Date: $0.00
- ☐ Balance on Arrearage Date: $0.00
- Interest Rate on Balance: 0.00%
- Regular Payment (Maintain) by Debtor:* $0.00 /month

☐ Real Property
- ☐ Principal Residence
- ☐ Other (describe)

Check below regarding real property taxes and insurance:
- ☐ Mortgage payments include escrow for:
  - ☐ Real estate taxes
  - ☐ Homeowners Insurance

| Address of Collateral: | ☐ Debtor pays directly for: |
| --- | --- |
| | ☐ Real estate taxes |
| | ☐ Homeowners Insurance |

■ Personal Property/Vehicle

Description of Collateral (include first digit and last four digits of VIN# for any vehicle):   5 - 2 1 2 0

2016 Hyundai Sonata

*Note: Amounts set forth in this section are estimates subject to reasonable adjustment.

Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Fed.R.Bankr.P. 3002(c) control over any contrary amounts listed above as to the current installment payment and arrearage. In the absence of a contrary, timely filed proof of claim, the amounts stated above are controlling. If relief from the automatic stay is ordered as to any item of Collateral listed in this Section, then, unless otherwise ordered by the Court, all payments under this paragraph by the Chapter 13 Standing Trustee as to that Collateral will cease, and all secured claims based on that Collateral will no longer be treated by this Chapter 13 Plan.

The Debtor shall pay current real property taxes, personal property taxes, and insurance for property (Collateral) to be retained prior to and after confirmation of any Chapter 13 Plan.

### 3.2. Secured Claims Subject to Valuation Motion.

■ None. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

### 3.3 Secured Claims Subject To Avoidance (11 U.S.C. § 522(f)).

■ None. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

### 3.4 Surrender of Collateral.

■ None. *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## IV. TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. § 507 and 11 U.S.C. § 1322(a)(4)]

### 4.1 Applicability Of Post-Petition Interest.

The Chapter 13 Standing Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.4, will be paid in full without post-petition interest. If the court determines the Debtor is solvent or is to be treated as solvent under this Chapter 13 Plan, the Court may order post-petition interest be paid on claims.

Please enter the current interest rate to be paid to the IRS if interest is required to be paid under this Chapter 13 Plan (if the Debtor is being treated as if solvent):   0.00 %

If this Chapter 13 Plan proposes to pay post-petition interest on priority claims because the Debtor is being treated as if he or she were solvent, then interest shall be paid, if applicable, as follows: 18% interest per annum to creditors holding priority and general unsecured, municipal tax claims; 12% interest per annum to the State of Connecticut Department of Revenue Service's priority and general unsecured state tax claims; and, 0.00% interest per annum to the Internal Revenue Service's priority and general unsecured federal tax claims.

### 4.2 Trustee's Fees.

The Chapter 13 Standing Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

### 4.3 Administrative Attorney's Fees.    ☐ PRO BONO

| Total Fees: | Total Expenses: | Paid Prior to Confirmation: | Balance Due: |
|---|---|---|---|
| $5,500.00 | $19.52 | $4,000.00 | $1,519.52 |

Total Allowance Sought:    $5,519.52  (Fees and Expenses)

Payable    [Check one]    ■ Through this Chapter 13 Plan
$1,519.52    ☐ Outside of this Chapter 13 Plan

Attorneys shall file applications for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 if the total allowance sought exceeds $4,000.00 before confirmation of this Chapter 13 Plan. The Court will consider allowance of compensation and reimbursement of expenses without such an application if the total allowance sought equals or is less than $4,000.00.

### 4.4 Domestic Support Obligation(s).

■ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

### 4.5 Priority Claims.

■ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## V.    TREATMENT OF UNSECURED NON-PRIORITY CREDITORS

### 5.1. Unsecured Non-Priority Claims, Dividend To Be Paid.

■ **None.** *If "None" is checked, the rest of this subpart need not be completed or reproduced.*

## VI.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

■ **None.** *If "None" is checked, the rest of this section need not be completed or reproduced.*

## VII    NON-STANDARD PLAN PROVISIONS

☐ **None.** *If "None" is checked, the rest of this section need not be completed or reproduced.*

Non-standard provisions must be set forth below, or in an attachment. A non-standard provision is a provision not otherwise included in the Local Form Chapter 13 Plan or deviating from it. Non-standard provisions set out elsewhere in this Chapter 13 Plan are void.

See Attached "Schedule A"

**PURSUANT TO 11 U.S.C. § 1327(b), PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR UPON ENTRY OF AN ORDER CONFIRMING THIS CHAPTER 13 PLAN.**

I declare that the information set forth in the foregoing Chapter 13 Plan is true and correct and is sworn to under penalty of perjury. **By signing and filing this document each Debtor certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Connecticut Local Form Chapter 13 Plan and that this Chapter 13 Plan contains no non-standard provisions other than those set out in Section VII.**

| /s/ John W. Ambrose | | |
|---|---|---|
| (Debtor Signature) | (Joint Debtor Signature) | |

| John W. Ambrose | 6/26/2019 | | |
|---|---|---|---|
| Debtor (Type Name) | Date | Joint Debtor (Type Name) | Date |

| Charles A. Maglieri | 6/26/2019 |
|---|---|
| Attorney with permission to sign on Debtor's behalf | Date |

[Note: Each attorney signature on this document is subject to Fed.R.Bankr.P. 9011.]

Note: An original document with the Debtor's inked signature must be maintained by Debtor's attorney.

John W. Ambrose
Chapter 13 Case No. 18-___

Schedule "A"

1. This Debtor is a 36-month ACP.

2. Vesting of Title
Title to the Debtor's property shall re-vest in the Debtor free and clear of all claims and interest provided for by the Plan pursuant to Section 1327(a)-(c) upon the earlier of the dismissal of the case, the closing of the case, or upon approval by the Court of the Trustee's final report and account or entry of discharge of the Debtor, provided, however, that no property received by the Trustee for the purpose of distribution under the Plan shall revest in the Debtor except to the extent that such property may be in excess of the amount needed to pay all allowed claims as provided in the Plan, as confirmed.

3. The effective date of plan shall be date of Confirmation.

4. Notwithstanding the provisions in section 3.1 in the event this court enters and Order granting relief from the automatic stay in favor of MTGLQ Investors, LP whose allowed claim is being paid in accordance with Section 1322b(5), the payments provided herein for the cure of the allowed secured claims for mortgage arrearages pursuant to said section shall continue to be disbursed to the claim holder until the first of the following events to occur:

    a.    Debtor files a Motion to Modify Plan and the Court Grants Same;
    b.    Trustee Files a Motion to Modify Plan and the court grants same;
    c.    Creditor withdraws the previously filed and allowed Proof of Claim #_____ requesting payment for the arrearages;
    d.    Upon the return to the Trustee of the Payment for the arrearages as provided for the confirmed Plan.

In the event the creditor holding the allowed secured claim for cure and maintain payments returns Plan payments to the Trustee and the events set forth in paragraphs a, b and c are not exercised, then in that event, the Debtor shall thereafter make no further current monthly mortgage payments as otherwise required by Section 1322(b)(5) and the terms of the confirmed plan.

John W. Ambrose

Chapter 13 Case No. 18-___

The fund allocated to the secured claim(s) to cure the defaulted arrearages shall be paid to the holders of allowed unsecured claims as an additional divided if said claims are not otherwise receiving 100% payment at time of confirmation. In the event that the confirmed Plan provides for 100% payment to holders of allowed unsecured claims then the Trustee shall pay the arrearage funds to holders of allowed secured claims so as to satisfy those claims prior to the expiration of the full term of the Plan.

For purposes of satisfying code section 1328(a) "Discharge" this provision shall not be read or construed as to disqualify the debtor form receiving a discharge solely due to the discontinuance of the current mortgage payment becoming due post-petition as a result of the entry of the order granting the creditor relief from the operation of the automatic stay as set forth in Section 362(a). This provision shall be paid further construed as a term of the confirmed Plan which provided for the payment of claims under the Plan consistent with Section 1328(a) and 1327 of the Bankruptcy Code.

"NOTICE"

For purposes of this Plan provision and the provisions of Section 1322(b)(5) the Debtor hereby directs that MTGLQ Investors, LP shall credit all monies paid by the Trustee on the allowed claim for pre-petition mortgage arrearages, solely to the arrearage claim for the duration of the Plan Term, as confirmed. Further, the Debtor hereby directs that each scheduled current monthly mortgage loan payment due post-petition, made by the Debtors for the purpose of maintaining current monthly payments, commencing with the month of January 2019 shall be credited solely to the designated post-petition monthly loan payment, as calculated by the amortization schedule as if the loan was not in default. For purposes of 11 U.S.C. Section 524(i), this provision shall apply only if the Debtors' Plan is consummated and the Chapter 13 Discharge granted.

5. GENERAL UNSECURED CLAIMS, CLASSIFICATION AND TREATMENT:

    (i) CLASSIFICATION OF UNSECURED CLAIMS (Pursuant to Sections 1322(b)(1), 1122, and F.B.R. 3013):   NONE

    (ii) TREATMENT OF NON-CLASSIFIED CLAIMS: NONE

John W. Ambrose
Chapter 13 Case No. 18-___

6. AMOUNT NECESSARY TO CURE AND REINSTATE:

In the event this Plan provides for the payment and cure of arrearages on either unsecured or secured claims pursuant to Section 1322(b)(3), (5), (11) and, notwithstanding 11 USC Section 506(b) and 1322 (e), the amount necessary to cure the pre-petition default arrearages shall be governed by the proof of claim filed by, or on behalf of, the holder of the claim, unless specifically controverted in this Plan or by an objection to the claim pursuant to 11 USC Section 502(a) and Bankruptcy Rule 3007.

7. REINSTATEMENT OF LOAN:

If the Debtor pays the arrearage amount specified in the timely filed Proof of Claim, while timely making all required post-petition payments (including any other reasonable amounts that properly come due pursuant to the pre-petition contractual agreement of the parties and of which the creditor gives such timely and appropriate notice as the parties' pre-petition agreement requires), the loan will be reinstated according to its original terms, extinguishing any right of the claim holder to recover any amount alleged to have arisen prior to the filing of the petition, unless such amounts were included in the allowed proof of claim filed in this case, provided however, the claimholder shall have an opportunity to amend said Proof of Claim to correct any errors or omissions arising by inadvertence or mistake.

8. SUFFICIENCY OF DEBTOR'S PAYMENTS:
Payments to the Trustee shall be made in installments conforming to the Debtor's payment periods over a period of 60 months in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims and payments to unsecured creditors as hereinbefore provided.